O

cc: order, docket and remand letter
to Los Angeles Superior Court,
No. BC 459693

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE GOLDENBERG FAMILY TRUST C/O ELIZABETH GOLDENBERG,<br><br>             Plaintiff,<br><br>    v.<br><br>TRAVELERS COMMERCIAL INSURANCE COMPANY,<br><br>             Defendant.<br>_____ | Case No. CV 11-04312 DDP (JEDx)<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>[Motion filed on June 27, 2011] |

Presently before the court is Plaintiff Goldenberg Family Trust C/O Elizabeth Goldenberg's Motion to Remand Action Under 28 U.S.C. § 1447.  Travelers Commercial Insurance Company("Defendant") opposes the motion.  Having read the parties' pleadings and considered the arguments therein, the court GRANTS Plaintiff's Motion to Remand and REMANDS Plaintiff's Complaint.

In April 2011, Plaintiff brought suit in Los Angeles Superior Court, alleging breach of contract and breach of the implied covenant of good faith and fair dealing in violation of California law.  (Dkt. No. 1.)  On May 18, 2011, Defendants removed

Plaintiff's complaint to this court, alleging diversity jurisdiction. (Id.)  On June 27, 2011, Plaintiff filed the present Motion to Remand.  (Dkt. No. 7.)

A defendant may remove a case from state court to federal court if the case could have originally been filed in federal court. 28 U.S.C. § 1441(a); see also Snow v. Ford Motor Co., 561 F.2d 787, 789 (9th Cir. 1977).  The removal statute is strictly construed against removal jurisdiction, and federal jurisdiction must be rejected if any doubt exists as to the propriety of removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Title 28 U.S.C. § 1447(c) gives a federal court authority to remand a case to state court for lack of subject matter jurisdiction.

As the removing party, Defendant bears the burden of proving federal jurisdiction.  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); see also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).  Courts resolve doubts as to removability in favor of remand. Gaus, 980 F.2d at 566.

Here, Defendant opposes removal because, according to Defendant, the parties are diverse.  Federal subject matter based on diversity jurisdiction exists only where "the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs" and the dispute is between "citizens of different States."  28 U.S.C. § 1332(a).  The parties dispute whether Defendant is a citizen of California, and so not diverse, or a citizen, as Defendant suggests, of Connecticut.

The federal diversity jurisdiction statute provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its

2

1  <u>principal place of business</u>." 28 U.S.C. § 1332(c)(1) (emphasis
2  added).  The Supreme Court has recently affirmed that "principal
3  place of business" refers to "the place where the corporation's
4  high level officers direct, control, and coordinate the
5  corporation's activities," which is often called the corporation's
6  "nerve center."  <u>Hertz Corp. v. Friend</u>, 130 S. Ct. 1181, 1185-86
7  (2010).
8       In the present matter, Plaintiff argues that Defendant's
9  "nerve center" is Sacramento, California.  (Pl.'s Motion 6:11-28.)
10 Defendant, however, contends that Hartford, Connecticut is the
11 corporation's "nerve center."  (Def.'s Opp'n 5:5-18.)  Defendant
12 has offered a declaration in support of its position, which states
13 that Defendant is incorporated in the State of Connecticut, its
14 books and records are in Connecticut, four of the six members of
15 the Board of Directors are located in Hartford, meetings of the
16 Board of Directors are sometimes in Hartford, and various senior
17 officers are located in Hartford.  (<u>Id.</u>; Skjerven Decl 2-3.) While
18 these facts might lend support a finding that Defendant's nerve
19 center is in Connecticut, they do not, without more, establish that
20 Connecticut is where Defendant directs, controls, and coordinates
21 the corporation's activities.
22      Because there is a dispute, and because Plaintiff has offered
23 evidence that California also serves as a center of the company's
24 control and coordination of insurance claims, the court is
25 obligated to resolve all ambiguity in favor of remand.
26 ///
27 ///
28 ///

3

For the foregoing reasons, the court GRANTS Plaintiff's Motion to Remand.

IT IS SO ORDERED.

Dated: August 18, 2011

DEAN D. PREGERSON
United States District Judge